Bbeitel, J. (concurring).
Plaintiff has lost by defendant’s action, albeit without being wronged, a valuable asset in the air development rights over its building. It has thereby lost its right to ‘ ‘ transfer ’ ’ or use its air development rights by alienation of the reversion to an abutting owner, or by acquiring an abutting property. That right to transfer or exploit the air development rights required no warrant in the zoning ordinance. Air rights, including the special floor area ratios defined in the ordinance, are valuable and transferable, even if only as an adjunct to a reversion or to a long-term leasehold.
I conclude, however, that because the lease to defendant failed or was then unable to reserve air development rights to the fee owner, there is no restriction on defendant qualifying his abutting property under the ordinance and thus exploiting the otherwise unused air development rights of the leasehold. Plaintiff’s mischance is that the rights were never reserved in the lease, and the ordinance, as a part of zoning design, allows them to be used in a special way as an adjunct to a fee or long-term leasehold, and thus gives them value. Indeed, under the ordinance it was possible for either the owner of the reversion or the holder of the long-term leasehold, whoever first acted, to use the same air development rights to the exclusion of the other.
The significance of the distinction is that lessors of long-term leaseholds may and perhaps would be wise to reserve to them *269 selves the use of the air space rights, including the floor area ratios.
Accordingly, I concur that the order appealed from should he reversed.
Chief Judge Fuld and Judges Bergan, Jasen and Gibson concur with Judge Scileppi; Judge Breitel concurs in a separate opinion in which Judge Burke concurs.
Order reversed, etc.